**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**R. W. BOOTH, Appellee.**

**No. 9000.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 8, 1979.

Rehearing Denied Aug. 29, 1979.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Splawn Law Offices, Inc., John Simpson, Lubbock, for appellee.

DODSON, Justice.

In this worker's compensation case, Texas Employers' Insurance Association appeals from the trial court's judgment awarding R. W. Booth benefits under the Texas Worker's Compensation Act. We affirm.

Mr. Booth brought this action seeking compensation benefits for an alleged occupational disease under section 20 of the act. The Insurance Company filed a general denial and affirmatively plead aggravation by a prior or subsequent disease or injury. In support of his allegations of disability from an occupational disease, Mr. Booth presented evidence of job related anxiety, tensions, pressure, overwork, mental and physical stress and strain, and repetitious physical and emotional traumatic activities extending over a period of time which culminated in a heart attack on the morning of 3 February 1977.

The evidence alone shows that Mr. Booth was 60 years of age; that he has been employed by Bell Dairy Products for several years; that he was foreman of the ice cream department; that the department had taken on additional work over the past several years; that in September of 1976, two men in his department resigned or quit and were never replaced; that his department was short two men from September 1976 through 3 February 1977; that as a result of the loss of these workers, he had to do extra work; that the extra work began to affect his health; that starting around Christmas of 1976, he went home very tired in the evenings and that he became nervous and worried about his work.

Mr. Booth testified that on 3 February 1977 he was hurting when he got up from bed and that he thought the pain would go away. He said that he shaved, dressed, ate about one-half of his breakfast and went to work. At work, he found that another worker in his department had called in sick, and as a result of this information, he became upset, nervous, and "about half way mad" because the person had not come to work. He said the pain got worse, so he called for a relief person and went to the restroom and sat down. Booth stated that the heart attack occurred at this time.

The evidence further shows that Mr. Booth left work, went to his home, called his wife and then went to see Dr. Cobb. Dr. Cobb placed him in the hospital where he remained for approximately twenty days. While in the hospital, he also was treated by Dr. Shepard. Dr. Shepard testified that his "diagnosis was arteriosclerotic heart disease, with recent acute myocardial infarction."

The case was tried before a jury. The jury found that R. W. Booth sustained or suffered an occupational disease to his body which manifested on or about 3 February 1977; that he sustained or incurred the occupational disease while in the course of his employment; that the occupational disease was a producing cause of total incapacity; that the total incapacity is temporary; that the total incapacity began on 3 February 1977 and ended on 5 May 1977; that the occupational disease produced partial incapacity which is permanent. The Insurance Company does not attack these jury findings.

The jury further found that Mr. Booth sustained or suffered incapacity as a result of arteriosclerosis; that the arteriosclerosis had aggravated, prolonged, accelerated or contributed to Mr. Booth's incapacity which resulted from his occupational disease; and that the incapacity suffered by arteriosclerosis contributed fifty (50) percent to the occupational disease incapacity. Mr. Booth filed a motion to disregard these issues and the jury's answers thereto. The trial granted Mr. Booth's motion and entered judgment in his favor on the jury's answers to the other issues.

In its first point of error, the Insurance Company contends that the trial court erred in disregarding the jury's answers to the aggravation and contribution issues. In this connection, the company maintains that under the jury's answers to the disregarded issues Mr. Booth was entitled to only one-half of the amount of the judgment rendered by the trial court.

In support of its position, the company relies on the provisions of Tex.Rev.Civ.Stat. Ann. art. 8306 § 22 (Vernon 1967). This section provides:

Where an occupational disease is *aggravated by any other non-compensable disease or infirmity, or where incapacity or death from any other non-compensable*

cause, is aggravated, prolonged, accelerated or in anywise contributed to by an occupational disease, the number of weeks of compensation payable by the Association shall be reduced and limited to such proportion only of the total number of weeks of compensation that would be payable if the occupational disease were the sole cause of the incapacity or death, as such occupational disease, as a causative factor, bears to all the causes of such incapacity or death, such reduction in compensation to be effected by reducing the number of weekly payments of compensation for which the Association is liable (emphasis added).

In *Texas Employers' Insurance Association v. Etheredge*, 154 Tex. 1, 272 S.W.2d 869, 875 (1954) the Supreme Court determined that section 22 was applicable when the employee's incapacity was caused by silicosis, an occupational disease and tuberculosis, a non-compensable disease. *Columbia Casualty Company v. Grigsby*, 376 S.W.2d 51, 55 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.) is to same effect. The applicability of section 22 presupposes the presence of an occupational disease and a non-compensable disease. In essence, the Insurance Company maintains that the heart attack constitutes one disease and that arteriosclerosis is another disease which is non-compensable. However, the evidence does not support or direct an inference in support of this contention.

The evidence shows that Mr. Booth had only one disease, which the medical experts diagnosed as "arteriosclerotic heart disease with recent acute myocardial infarction." The medical evidence reveals that arteriosclerosis is a hardening or closing of the arteries leading to the heart which precedes the heart attack, and that in the usual situation a blood clot forms in the arteries which closes off the flow of blood to the heart and results in a heart attack. The Insurance Company does not attempt to establish by medical evidence that the diagnosed condition is in fact two diseases.

The jury found from evidence presented at the trial, that Mr. Booth sustained or suffered an occupational disease to his body which he incurred in the course of his employment. These findings are unchallenged. Under the circumstances, we must conclude that the trial court did not err by disregarding the aggravation issues and the jury's answers thereto.

In summary, we overrule the Insurance Company's first point of error. This holding is dispositive of the appeal. Accordingly, the judgment of the trial court is affirmed.

COUNTISS, J., not participating.